**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James E. Holland, Jr., | ) | No. CV-11-8079-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dwight Grandy, et al., | ) | |
| Defendants. | ) | |

Before the court is defendants' motion to dismiss for lack of jurisdiction (doc. 4), plaintiff's response (doc. 8), and defendants' reply (doc. 9). We also have before us plaintiff's motion to remand (doc. 7), defendants' response (doc. 10), and plaintiff's reply (doc. 13).

This action was filed in state court as a tax lien foreclosure of property located in Navajo County, Arizona (the "Property"). Plaintiff purchased Certificates of Purchase and subsequently filed this action to foreclose any right of redemption as to the Property pursuant to A.R.S. § 42-18201. Defendants removed the action, asserting that a federal question is presented because, on February 2, 1848, the Property was transferred to the United States by the Treaty of Guadalupe Hidalgo, and is therefore forever exempt from state jurisdiction and taxation.

"Federal jurisdiction exists only when a federal question is presented on the face of

a properly pleaded complaint." U.S. v. City of Arcata, 629 F.3d 986, 990 (9th Cir. 2010). A federal law defense to a state law claim does not confer jurisdiction on a federal court. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14, 103 S. Ct. 2841, 2848 (1983). Here, defendants spurious defenses related to the Treaty of Guadalupe Hidalgo do not present a federal question to support federal question jurisdiction.

Defendants also claim diversity jurisdiction, although there is no evidence that the amount in controversy exceeds the $75,000 jurisdictional minimum. See 28 U.S.C. § 1332(a). Indeed, plaintiff submits evidence showing that the assessed value of the property in question is only $21,133. Plaintiff's Motion, ex. 1. We conclude that there is no reasonable basis upon which to remove this action, and therefore grant plaintiff's motion to remand (doc. 7).

Plaintiff is entitled to his just costs and actual expenses, including attorney's fees, incurred as a result of the improper removal. 28 U.S.C. § 1447(c). Plaintiff's counsel asserts that he expended 16.8 hours related to the removal, at a rate of $195.00 per hour. We find the number of hours and rate to be reasonable and, pursuant to 28 U.S.C. § 1447(c), we award plaintiff $3,276 in attorney's fees and costs.

**IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 7) and ordering that defendants shall pay plaintiff $3,276 in attorney's fees and costs.

**IT IS ORDERED DENYING** defendants' motion to dismiss as moot (doc. 4).

**IT IS FURTHER ORDERED REMANDING** this case to the Superior Court of Arizona in Navajo County.

DATED this 12th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge